**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNIVERSAL CIGAR CORPORATION, Respondent.**

**No. 28483.**

United States Court of Appeals, Fifth Circuit.

May 8, 1970.

Rehearing Denied July 7, 1970.

---

Marcel Mallet-Prevost, Asst. General Counsel, Janet McCaa and Elliott Moore, Attys., N.L.R.B., Washington, D. C., Harold A. Boire, Director, Region 12, N.L.R.B., Tampa, Fla., for petitioner.

Leo P. Rock, Jr., Tampa, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit Judges.

PER CURIAM:

Again the NLRB petitions for enforcement of its order finding that the employer engaged in unfair labor practices. In that special numerical jargon with which we have become too familiar, this case involves an 8(a) (1) and 8(a) (3)'s.[1] And here, as in so many cases, the only issue involved is whether the Board had substantial evidence from which to find that there were discriminatory practices. We conclude that such substantial evidence existed for two of the three incidents, and that it did not exist in the third.

The Board's conclusion that the refusal to recall Tellis Smith was discriminatory, a § 8(a) (1) and (3) violation, is supported by substantial evidence from the record as a whole. That determination was largely a matter of evaluating the credibility of witnesses, a function of the Board, Universal Camera Corp. v. NLRB, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Great Atlantic and Pacific Tea Co. v. NLRB, 5 Cir., 1966, 354 F.2d 707. Likewise, the Board's conclusion that the questioning of employee Todd about the strength of the union constituted a violation of § 8 (a) (1) is also supported by substantial evidence. Such questioning can be coercive, NLRB v. Sunnyland Packing Co., 5 Cir., 1966, 369 F.2d 787, and from the evidence here the determination that this was is supported.

We refuse, however, to enforce the Board's finding, which overruled a hearing examiner's determination and from which one member dissented, of a § 8(a) (3) and (1) violation in the discharge of James Townsend. The solicitation by Townsend clearly violated a valid no-solicitation rule. And, despite testimony about turkey raffles and Avon ladies, there is no substantial evidence for the conclusion of disparate enforcement or waiver of the rule. Mason & Hanger-Silas Mason Co. v. NLRB, 5 Cir., 1968, 405 F.2d 1.

Enforcement granted in part and denied in part.

1. 29 U.S.C.A. § 158(a) (1) and (3).